UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DONTA BOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14CV2118 JAR |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of mandamus. At the time petitioner filed his complaint, he was a pretrial detainee. Petitioner alleges that his speedy trial rights have been violated, and he seeks immediate release from incarceration.

Relief under the All Writs Act, 28 U.S.C. § 1651, is not available to detainees or prisoners seeking release from confinement. The only available avenue for relief for pretrial detainees seeking release from confinement on constitutional grounds is to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therefore, the Court will liberally construe this action as a § 2241 petition.

The Court takes judicial notice of the proceedings in the state criminal case. Petitioner was charged in 2013 with one count of second degree domestic assault and one count of armed criminal action. Missouri v. Boyd, No. 1322-CR03260-01 (City of St. Louis) (accessed on Missouri's Case.net on January 13, 2015, https://www.courts.mo.gov/casenet/base/welcome.do). When petitioner filed this action, the case had been pending for approximately seventeen months. On January 5, 2015, the trial court denied petitioner's motion to dismiss for violation of

his right to a speedy trial. The case went to trial on January 6, 2015, and a jury found petitioner guilty on January 7, 2015. Id.

Pretrial detainees seeking relief under 28 U.S.C. § 2241 must exhaust available state remedies, except in cases where "special circumstances" exist. See Davis v. Muellar, 643 F.2d 521, 525 (1981). Now that petitioner has been convicted by a jury, he can present his speedy trial claim to the state appellate court on direct appeal. Special circumstances do not exist in this case that would warrant excusing the exhaustion requirement. As a result, the Court will dismiss this action without further proceedings. See 28 U.S.C. § 2254, Rule 4 (requiring dismissal of habeas petitions where it is apparent from the face of the petition that petitioner is not entitled to relief).[1]

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition should be dismissed for lack of exhaustion. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is **DENIED**, and this action is **DISMISSED** without prejudice.

Dated this 14th day of January, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] The Rules Governing § 2254 Cases also apply to § 2241 petitions. See 28 U.S.C. § 2254, Rule 1(b).